UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAN HEALTHCARE GROUP, PS, a Washington professional corporation, | ) ) ) CASE NO. C15-1705RSM |
| Plaintiff, | ) ) ) ORDER OF REMAND |
| v. | ) ) |
| LIBERTY MUTUAL FIRE INSURANCE CO. and LIBERTY MUTUAL INSURANCE COMPANY, foreign insurance companies, | ) ) ) ) ) |
| Defendants. | ) ) |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Remand and for Fees. Dkt. #8. Plaintiff argues that no federal question jurisdiction exists, the well-pleaded complaint doctrine does not create jurisdiction, removal was untimely, Defendants are judicially estopped from removal and Defendants are collaterally estopped from bringing a federal due process issue before this Court so therefore this Court lacks jurisdiction. *Id.* Defendants respond that their removal was timely, Plaintiff's "other paper" filed in state court demonstrates federal question jurisdiction and this Court has jurisdiction over this matter. Dkt. #11. The Court has reviewed the parties' briefing, along with their supporting exhibits,

ORDER
PAGE - 1

Plaintiff's Complaint and Defendants' Notice of Removal. For the reasons set forth herein, this matter is REMANDED to King County Superior Court.

## II.   BACKGROUND

The history between the parties and their counsel is lengthy, and spans multiple lawsuits. The Court summarizes only the pertinent background here.

On September 3, 2015, Plaintiff Chan Healthcare Group ("Chan") filed this proposed class action lawsuit in King County Superior Court. Dkt. #1, Ex. 8. In that Complaint, Plaintiff raised a claim for violation of Washington's Consumer Protection Act ("CPA"). The claim relates to a prior litigation and settlement in Illinois State Court, *Lebanon Chiropractic Clinis, P.C. v. Liberty Mutual Insurance Co.* ("*Lebanon*"). In that case, Liberty Mutual and Safeco insurance companies settled a nationwide class action alleging Illinois state law claims arising from Liberty's reductions to its bills on Medpay insurance claims in Illinois. However, *Lebanon* purportedly settled all claims of every health care provider in the country for reductions taken to their medical bills by Liberty or Safeco under any auto policy issued in any state in the country for a period going back seven years and forward for the next five years.

A Washington provider, Dr. Kerbs, objected to the settlement as not being fair. Dr. Kerbs is represented by the same attorneys that represent Plaintiff Chan in the instant matter. Dr. Kerbs objected that the Illinois chiropractor had antagonistic interests to Washington providers and did not adequately represent them. Dkt. #8 at 1. He also asserted that the Illinois Supreme Court prohibited certification of nationwide classes in cases, like *Lebanon*, where no acts involving nonresident class members occurred in Illinois. *Id.* Dr. Kerbs also objected that the Lebanon settlement terms were inconsistent with the terms in his own 2012 settlement of a Washington class action he had brought in King County Superior Court against Safeco, which

ORDER
PAGE - 2

is owned by Liberty Mutual.  Despite Dr. Kerbs' objections, the Illinois state court approved the *Lebanon* settlement.  Dr. Kerbs appealed, and that appeal remains pending in the state appeals court in Illinois.

Meanwhile, in Washington State court, Chan filed a class action against Safeco for reductions made to bills submitted under the Personal Injury Protection ("PIP") coverage in Washington auto policies. Dkt. #8 at 2.  Chan alleged only Washington claims for violation of the Insurance Code and Consumer Protection Act.  *Id.*  On September 3, 2015, Chan filed the instant action against Liberty.  By stipulated order, the Safeco and Liberty cases were both assigned to King County Superior Court Judge Catherine Shaffer, who had also decided a prior case brought by Dr. Kerbs against Safeco.

On September 8, 2015, Chan filed a motion in the Safeco case asking for a declaration that the *Lebanon* agreement, release and waiver could not be applied to the Washington state law claims of Washington providers.  Chan also prepared a similar motion in the Liberty case.  The parties ultimately stipulated to have those motions heard, along with others, before Judge Shaffer on October 30, 2015.

On October 28, 2015, Defendants removed the instant action to this Court.  Dkt. #1.  Defendants allege that on October 26, 2015, they learned for the first time, through Chan's Reply in support of its motion for declaratory judgment, that Chan would be asserting a federal due-process argument seeking a judicial declaration that the Illinois judgment approving the *Lebanon* Settlement denied Washington class members like Chan due process of law in violation of the Fourteenth Amendment.  *Id.*  Defendants assert that because the due process argument acts as an independent claim, this Court has jurisdiction to hear the matter.  *Id.*  Plaintiff's motion to remand followed.

ORDER
PAGE - 3

### III. DISCUSSION

**A. Subject Matter Jurisdiction**

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). When a case is filed in state court, removal is proper if the Complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331 and 1332(a). It is presumed, however, "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alterations in original). This Court must order remand if there is any defect which causes federal jurisdiction to fail. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant bears the burden of establishing that removal was proper by a preponderance of evidence. *Id.* at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). However, this Court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part on other grounds*, *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 n.6 (9th Cir. 2001).

///

///

### B. Timeliness of Removal

As an initial matter, the Court first addresses whether this matter was removed within the proper timeframe. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of receipt of the initial pleading, or, if the case stated by the initial pleading is not removable, within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which has become removable.

Defendants agree that Chan's Complaint does not raise a federal question such that it would have been removable. Rather, Defendants argue that Chan's Reply brief in support of its motion for declaratory judgment is an "other paper" which first disclosed the basis for federal court jurisdiction. Thus, Defendants argue that removal was timely, as it occurred two days after they received a copy of the brief. Dkt. #11 at 14-18. Plaintiff argues that Defendants' removal is untimely because they became aware of Chan's federal due process challenge long before Chan filed its Reply brief on October 26th, at least 37 days prior to removal. Dkt. #8 at 17-20. For the reasons discussed herein, the Court agrees with Plaintiff.

On September 8, 2015, Plaintiff made his motion for declaratory judgment in the Safeco case. Dkt. #9, Ex. 3. That motion was served on the same counsel that represents Liberty in the instant case. On September 17, 2015, Chan's counsel and defense counsel exchanged email correspondence about an agreement to have Chan's nearly identical motions in the Safeco case and the Liberty case heard together. Dkt. #9, Ex. 6. On September 25, 2015, Dr. Kerbs filed a motion for extension of time to file a Reply in the Illinois appeal. Again, that motion was served on the same counsel that represents Liberty in the instant case. In that motion, Dr. Kerbs referenced the Chan motions that were set to be heard in Washington, and noted that

they deal with the applicability of the *Lebanon* settlement. Dkt. #9, Ex. 2. On October 1, 2015, Liberty and Safeco responded to the motion for extension of time in Illinois, also referencing the Chan motions, acknowledging that Chan's motions involved due process questions under the Illinois and Federal Constitutions. *See* Dkt. #9, Ex. 2. Accordingly, the Court finds that the September 8th, 17th and 25th documents, collectively, constitute "other" papers from which it could be ascertained that the case was removable on the basis of a federal question. *See, e.g.*, *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691, 696 (9th Cir. 2005) (finding that a letter from plaintiff's counsel which indicated an abandonment of specific claims constituted an "other paper" which made the case removable); *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994) (holding that a reply brief qualified as an "other paper" within § 1446(b)); *In re Citizens Auto. Fin.*, 2011 U.S. Dist. LEXIS 25051 (N.D. Cal. Feb. 22, 2011) (holding that an "objectively reasonable inference to be drawn from this email is that Plaintiffs were confirming that the amount in controversy could exceed CAFA's jurisdictional minimum" and finding that "the October 28, 2010 email qualifies as 'other paper'"); *Avans v. Foster Wheeler Const. Co.*, 2010 U.S. Dist. LEXIS 92024 (E.D. Cal. Aug. 6, 2010) ("[T]he Court finds that the e-mail correspondence between counsel on April 23, 2010 was an 'other paper' from which Foster Wheeler ascertained the removability of the underlying litigation."). So long as the "other paper" reasonably reflects Plaintiff's claims, it triggers the second thirty day removal period. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).

At the latest, the September 25th motion triggered the 30-day period under Section 1446(b)(3), requiring the Defendants to file the Notice of Removal by October 25, 2015. However, Defendants did not remove until October 28, 2015, and therefore removal was

ORDER
PAGE - 6


untimely. Because the Court finds Defendants' removal untimely, it need not address the remaining arguments made by the parties.

### C. Request for Attorney's Fees and Costs

Plaintiff has sought its reasonable fees and costs incurred in connection with its motion for remand. Dkt. #8 at 23. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). While attorney's fees are available, it is clear that "[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted). In this case, the Court agrees with Plaintiff that Defendants had no objectively reasonable basis for removal, particularly given defense counsel's involvement with the related cases and their acknowledgments about the Chan motions made to the court in the Illinois appeal. Accordingly, the Court grants Plaintiff's requests for fees and costs.

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) For the reasons discussed above, this case is REMANDED to the King County Superior Court.

2) No later than fourteen (14) days from the date of this Order, Plaintiff shall file a supplemental motion for fees and costs in this Court, appending the evidence necessary to support its request. Plaintiff shall note the motion for two Fridays after the date it is filed. Defendants shall respond no later than the Monday prior to the

noting date, and shall limit its response only to the issue of the reasonableness of the fees and costs sought by Plaintiff.  No Reply brief shall be filed.

3) This matter is now CLOSED.

DATED this 1 day of February 2016.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE