# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHAN HEALTHCARE GROUP, PS, a Washington professional corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE CO. and LIBERTY MUTUAL INSURANCE COMPANY, foreign insurance companies,<br><br>Defendants. | Case No. C15-1705 RSM<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ATTORNEY FEES |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Second Motion for Attorney's Fees. Dkt. #37. Defendants oppose this Motion, arguing that it cannot be brought now, and even if it could, that Plaintiff has failed to set forth a valid basis for the award of fees. Dkt. #40. For the reasons set forth herein, the Court DENIES this Motion.

## II. BACKGROUND

The history between the parties and their counsel is lengthy, and spans multiple lawsuits. The Court will focus only on facts pertinent to this Motion. The Court previously

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ATTORNEY FEES - 1

summarized the background facts in its prior Order of Remand and incorporates that background by reference herein. *See* Dkt. #14 at 2-3.

After remanding this case, the Court granted attorney fees to Plaintiff in the amount of $18,330.00 because Defendants had "no objectively reasonable basis for removal," based on the earlier finding that Defendants' removal was untimely. Dkt. #20; *see* Dkt. #17.[1] Defendants appealed the remand and fees Orders. On January 3, 2017, the Ninth Circuit issued an Opinion finding that it lacked jurisdiction to review the appeal of the remand Order. *See* Dkt. #29. However, the Ninth Circuit held that it had jurisdiction over the Order awarding fees, and reversed. *Id*. It remanded for this Court to consider "the question [of] whether federal question jurisdiction exists or whether Liberty's arguments on that ground were objectively reasonable." *Id.* at 20. On March 15, 2018, Plaintiff filed the instant Motion.

### III. DISCUSSION

In a case where remand is granted, attorney's fees are available, however "[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

Plaintiff argues that, even though the Ninth Circuit reversed and remanded because the Court's original basis for granting attorney fees was found to be invalid, there is a separate basis—the unusual circumstances of this case. Dkt. #37. Plaintiff cites to *Schiff v. Liberty Mut. Ins. Co*., Case No. C17-914 MJP (W.D. Wash.); *Kerbs v. Safeco Ins. Co. of Ill*., C11-1642 MJP; and *PMT NPL Fin. 2015-1 v. Lee*, 2018 U.S. Dist. LEXIS 4609 (W.D. Wash. Jan. 10,

---

[1] The Court had earlier held that "[b]ecause the Court finds Defendants' removal untimely, it need not address the remaining arguments made by the parties." Dkt. #17.

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ATTORNEY FEES - 2

2018) as cases on point, the first two ostensibly involving the same Defendant (or subsidiary of the Defendant) and same defense counsel as this case. *Id*.

Defendants oppose this Motion, arguing that the Ninth Circuit's decision leaves the Court without any legal basis to award attorneys' fees because the original basis, untimeliness, was found to be erroneous, because that was the only basis for removal in the Court's original Order, and because 28 U.S.C. § 1447(d) does not provide the Court the power to reconsider and modify its Order of Remand to add a new finding of "unusual circumstances." Dkt. #40 at 2–3. Defendants also cite to *Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988). for the proposition that "[t]he language in [Section 1447(d)] has been universally construed to preclude not only appellate review but also reconsideration by the district court." Defendants argue that the Court's Order of Remand "rejected Chan's previous request for a fee award based on Liberty's alleged pattern of improper removals." *Id.* at 3 (citing Dkt. # 20 at 2). Defendants also argue that there are no facts in *this* case to support an "unusual circumstances" finding and that relying on "a pattern" found in other cases either involving other parties (the Safeco subsidiary of Liberty Mutual) or cases that occurred after the removal and remand in this case (*Schiff, supra*) would be improper. *Id*. at 11.

On Reply, Plaintiff argues, *inter alia*, that the Ninth Circuit remanded for the Court to reconsider this issue, therefore the Court is permitted to consider Plaintiff's arguments. Dkt. #42.

Neither party is entirely correct. To reiterate the applicable law, fees should only be awarded if Liberty Mutual did not have an objectively reasonable basis for removal or if there are unusual circumstances. *Patel, supra*. The Ninth Circuit remanded for proceedings consistent with its Opinion, and its Opinion states that the Court should consider "the question

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ATTORNEY FEES - 3

[of] whether federal question jurisdiction exists or whether Liberty's arguments on that ground *were* objectively reasonable." Dkt. #29 at 20 (emphasis added). The Ninth Circuit did not remand so that the Court could consider new arguments raised by Plaintiff as to unusual circumstances present in this case, including circumstances occurring after the Court's prior remand Order, and the Court will not otherwise reconsider its prior Order. The Court has reexamined the prior arguments made by the parties as to the presence of federal question jurisdiction, and, given the Ninth Circuit's opinion, the Court finds that Defendants had an objectively reasonable basis for removal. Specifically, it was reasonable for Defendants to interpret Plaintiff's October 26, 2015, reply brief as creating federal question jurisdiction. *See* Dkt. #11 at 12 (citing *Hemmelgarn v. City of Seattle*, No. C13-02188 RSM, 2014 WL 996483, at *1-2 (W.D. Wash. Mar. 13, 2014); *Eyak Native Vill. v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994)). Accordingly, fees are not appropriate in this case.

## IV. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS that Plaintiff's Second Motion for Attorney's Fees (Dkt. #37) is DENIED. This matter remains CLOSED.

DATED this 25th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE